**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LAURA LYNN PATTERSON                                                                         PLAINTIFF

V.                                        4:20CV01202-LPR-JTK

DOES, et al.                                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections

should be specific and should include the factual or legal basis for the objection.    If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.    An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.    The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a

Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Laura Patterson is an inmate confined at the Saline County Detention Facility

(Jail), who filed this pro se 42 U.S.C. § 1983 action complaining about conditions of confinement

at the Jail (Doc. Nos. 1, 4). This Court granted Plaintiff's Motion to Proceed in forma pauperis on

November 10, 2020, and directed her to submit an Amended Complaint, noting that she failed to

include any specific allegations of improper conduct by any of the four named individual

Defendants (Doc. No. 7). Plaintiff submitted an Amended Complaint on November 30, 2020 (Doc.

No. 9), and a request to further amend her complaint on December 10, 2020 (Doc. No. 10) Plaintiff

has now submitted a Supplemental Amended Complaint. (Doc. No. 13)

Having reviewed Plaintiff's Supplemental Amended Complaint, the Court finds it should

be dismissed for failure to state a claim upon which relief may be granted.

### II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. §

1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be

granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C.

§ 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing

pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent,

780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must

give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520

(1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts

alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In her Original Complaints, Plaintiff alleged improper conditions of confinement and

named four named individuals as Defendants. (Doc. Nos. 1, 4) In the November 10, 2020 Order,

the Court noted that Plaintiff failed to include specific allegations of unconstitutional conduct by

any of the named Defendants. (Doc. No. 7, p. 3)   The Court then directed Plaintiff to submit an

Amended Complaint, which would render her Original Complaint without legal effect, and which

should: "**1) name all the parties she believes deprived her of her constitutional rights and**

**whom she wishes to sue in this action; 2) provide specific facts against each named Defendant**

3

**in a simple, concise, and direct manner; 3) indicate whether she is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how she was harmed; and 5) state if she is incarcerated as a pretrial detainee.   Plaintiff must set forth specific facts concerning the allegations she has set forth including, where applicable, dates, times and places."** (Id., p. 4)

In the Supplemental Amended Complaint, Plaintiff named the Saline County Detention Center as the only Defendant, and stated that "even though a few of the deputies/sergents (sic) were neglegent (sic) in some of their duties and very unsympathetic to my circumstances I believe the facility is to blame and solely at fault." (Doc. No. 13, p. 2) She then complained that when she initially was booked into the Jail on August 30, 2020, she was placed in a filthy cell with a foam mat, blanket, and jumpsuit and was denied cleaning supplies and a shower for six days. (Id., pp. 3-4) After she was placed in general population on September 6, 2020, she was provided a shower and clean clothes. (Id., p. 4) However, she was never offered a mask or a temperature check, and none of the females were quarantined. (Id.) She further complained that on December 3, 2020, five women tested positive and were placed on lockdown, and on December 11, 2020, she tested positive and was placed on lockdown (quarantine) for ten days. (Id., pp. 5-6) During that time, she suffered from a headache and was given Tylenol. (Id., p. 6) She asked for compensation for contracting COVID-19. (Id., p. 7)

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Plaintiff stated she is incarcerated as a pretrial detainee (Doc. No. 13, p. 1); therefore, the

Court would analyze her claims as those pursued by a pretrial detainee, under the Fourteenth

Amendment's Due Process clause. See Graham v. Connor, 490 U.S. 386, 393 n. 6 (1989); Bell v.

Wolfish, 441 U.S. 520, 535 n. 16 (1979). In Bell, the court held that pretrial detainees are protected

under the Due Process Clause from conditions of confinement that amount to punishment. 441

U.S. at 535. Conditions are considered punitive if they were intentional, were not reasonably

related to a legitimate governmental purpose, or were excessive in relation to that purpose, and

mere negligence is insufficient to support such a claim. Stearns v. Inmate Services Corp., 957 F.3d

902, 907 (8th Cir. 2020).

However, a Jail is not considered a "person" within the meaning of 42 U.S.C. § 1983, and

therefore, cannot be sued. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that

police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum

v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police

Department and Paramedic Services are departments or subdivisions of the City government and

not separate juridical entities). In addition, Plaintiff did not, in any of her complaints, include

specific allegations of unconstitutional conduct against any named Defendants, despite this Court's

directions. Therefore, she failed to sufficiently state a constitutional claim for relief.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Supplemental Amended Complaint against Defendants be DISMISSED

without prejudice, for failure to state a claim upon which relief may be granted.

2.      This dismissal constitute a "strike" within the meaning of the PLRA.[1]

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action

3.      The Court certify that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from an Order and Judgment

dismissing this action would not be in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 6th day of January, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.